UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
STATE FARM FIRE AND CASUALTY COMPANY,　　　　Docket No.:
STATE FARM INDEMNITY COMPANY and STATE
FARM MUTUAL AUTOMOBILE INSURANCE
COMPANY,　　　　　　　　　　　　　　　　　　　　COMPLAINT

　　　　　　　　　　　　　　　　Plaintiffs,　　　　JURY TRIAL DEMANDED

　　　　-against-

57 ANN STREET REALTY ASSOCIATES, INC.,
ENTERPRISE ANN PARKING, LLC and LITTLE
MAN PARKING, LLC,

　　　　　　　　　　　　　　　　Defendants.
------------------------------------------------------------------X

　　　　Plaintiffs, State Farm Fire and Casualty Company, State Farm Indemnity Company and State Farm Mutual Automobile Insurance Company, by and through their attorneys, Cozen O'Connor, P.C., hereby complain of Defendants 57 Ann Street Realty Associates, Inc., Enterprise Ann Parking, LLC and Little Man Parking, LLC, and upon information and belief, allege as follows:

## THE PARTIES

　　　　1.　　Plaintiff, State Farm Fire and Casualty Company (hereinafter "State Farm Fire") is and was, at all times material hereto, a foreign business corporation, duly organized and existing under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.

　　　　2.　　State Farm Indemnity Company (hereinafter "State Farm Indemnity") is and was, at all times material hereto, a foreign business corporation, duly organized and existing under the

laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.

3. Plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter "State Farm Auto" and together with "State Farm Fire" and "State Farm Indemnity", collectively as "State Farm") is and was, at all times material hereto, a foreign business corporation, duly organized and existing under the laws of the State of Illinois, with its principal place of business located at One State Farm Plaza, Bloomington, Illinois 61710.

4. Defendant, 57 Ann Street Realty Associates, Inc. (hereinafter "57 Ann"), was and is a New York business corporation company organized and existing under the laws of the State of New York, with a principal place of business located at 1545 Laurel Hollow Road, Laurel Hollow, New York 11791 and at all times material hereto and was engaged in the business, of *inter alia*, owning, leasing and managing the building located at 57 Ann Street, New York, New York 10038.

5. Defendant Enterprise Ann Parking, LLC (hereinafter "Ann Parking"), was and is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business located at 307 Seventh Avenue, Suite 407, New York, New York 10001 and at all times material hereto, had a NYC Department of Consumer Affairs Garage License # 1379517-DCA to own, operate and/or manage a parking garage located at 57 Ann Street, New York, New York 10038.

6. Upon information and belief, the sole member of Ann Parking LLC is Lance Howard.

7. Upon information and belief, Lance Howard is a New York citizen.

8. Upon information and belief, the member of Ann Parking is diverse from the Plaintiffs.

9. Defendant Little Man Parking, LLC (hereinafter "Little Man"), was and is a limited liability company organized and existing under the laws of the State of New York, with a principal place of business located at 307 Seventh Avenue, Suite 407, New York, New York 10001 and at all times material hereto, operated, managed, and/or controlled the parking garage located at 57 Ann Street, New York, New York 10038.

10. Upon information and belief, the sole member of Little Man LLC is Lance Howard.

11. Upon information and belief, Lance Howard is a New York citizen.

12. Upon information and belief, the member of Little Man is diverse from the Plaintiffs.

## JURISDICTION AND VENUE

13. Jurisdiction is based on 28 U.S.C. §1332(a)(l) as this action involves a controversy between citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

14. Venue is proper in this district based on 28 U.S.C. §1391 as the events giving rise to plaintiffs' claims occurred in this judicial district.

## FACTUAL ALLEGATIONS

15. Plaintiffs hereby incorporate by reference each and every allegation set forth above and below as fully as if recited herein as length.

16. Plaintiffs State Farm were in the business of providing insurance, and insured certain automobiles and personal property owned by its insureds ("Plaintiffs' insureds").

17. At least forty three of Plaintiffs' insureds entered into agreements (hereinafter "Agreements") with Defendants, their agents and contractors regarding the handling, transporting, and/or storage of their automobiles and payment for the same.

18. Pursuant to the Agreements, Plaintiffs' insureds delivered custody, possession and control of their automobiles (hereinafter "Subject Vehicles") to Defendants' employees and/or agents at the Parking Garage located at 57 Ann Street, New York, New York 10038 (hereinafter "Subject Parking Garage").

19. At all times material hereto, the Subject Vehicles and personal property therein were insured by State Farm pursuant to the policies which were in effect.

20. Prior to April 18, 2023, at all times mentioned hereto, Defendants, 57 Ann, Ann Parking and/or Little Man, owned, operated, managed, maintained and/or controlled the Subject Parking Garage.

21. Prior to April 18, 2023, at all times mentioned hereto, the Subject Parking Garage had several open violations dating back 20 years, including issues like sagging beams and cracking concrete.

22. On and about April 18, 2023, Plaintiff's insureds vehicles were located at the Subject Parking Garage.

23. As a result of the Defendants failure to properly operate, manage, maintain and/or control the Subject Parking Garage, on or about April 18, 2023, the Subject Garage collapsed, causing damages to Plaintiffs' insureds Vehicles and their personal property located therein.

24. As a result of the foregoing damages to the Vehicles and personal property, and pursuant to its obligations under its policies of insurance, Plaintiffs State Farm has and or will pay its insureds, an amount in excess of One Million, Five Hundred Thousand Dollars

4

($1,500.000.00), for the damages and losses sustained and is therefore, entitled to recover the same amount in this action pursuant to its legal and equitable rights of subrogation.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS

## NEGLIGENCE

25. Plaintiffs incorporate by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

26. The collapse and resulting damage was the direct and proximate result of the negligence, carelessness and/or negligent omissions of Defendants, in, *inter alia*:

(a) Failing to adequately and properly operate, manage, maintain and/or control the Subject Parking Garage;

(b) Failing to hire train and supervise competent contractors, agents, subcontractors, employees and representatives to properly operate, manage, maintain and/or control the Subject Parking Garage;

(c) Creating a dangerous condition which Defendants knew, or should have known, would create an unreasonable risk of harm to Plaintiffs' insureds' vehicles and property;

(d) Failing to conduct the operation, maintenance and/or control the Subject Parking Garage in a safe, proper, secure thereby creating an unreasonable risk of harm to the Vehicles of Plaintiffs' insureds, which Defendants knew or should have known created an unreasonable risk of harm to the Subject Vehicles;

(e) Failing and omitting to do and perform those things which were necessary in order to preserve the Plaintiffs' insureds' Vehicles and render the Subject Parking Garage safe;

(f) Failing to comply with applicable laws, statutes, codes, standards, regulation,

ordinances and/or industry customs related to the work performed at the Subject Parking Garage; and

(g)     Otherwise failing to exercise the necessary care and skill under the circumstances.

27.     As a direct and proximate result of the aforesaid acts of carelessness, recklessness, and/or negligent acts and/or omissions of Defendants, their respective representatives, agents, servants, workmen, subcontractors and/or employees, Plaintiffs' insureds sustained severe and extensive damage to their automobiles and personal property, for which the fair and reasonable value of repair, replacement and reimbursement exceeds One Million, Five Hundred Thousand Dollars ($1,500.000.00).

28.     Pursuant to the terms and conditions of the respective insurance policy, State Farm reimbursed their insureds in an amount in excess of One Million, Five Hundred Thousand Dollars ($1,500.000.00).

29.     By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policies, State Farm became subrogated to the extent of their payments to their insured's respective right to recovery and is entitled to recover the same amount from the named Defendants in this action.

**WHEREFORE**, Plaintiffs demand judgment in their favor and against Defendants, 57 Ann Street Realty Associates, Inc., Enterprise Ann Parking, LLC and Little Man Parking, LLC, in an amount in excess of One Million, Five Hundred Thousand Dollars ($1,500.000.00), together with pre-judgment and post-judgment interest, attorney's fees, the cost of this suit and such other relief as this Court deems just and proper.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANTS

## BREACH OF BAILMENT

30. Plaintiffs incorporates by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

31. The Agreement between State Farms' Insureds and Defendants constituted a bailment agreement, which transferred possession, custody and control of the Subject Vehicles to Defendants for the purpose of handling, transporting, parking and/or storage of their automobiles at the Subject Parking Garage.

32. Pursuant to the bailment agreements, Defendants acted as bailees when they handled, transported, parked and/or stored the Subject Vehicles.

33. Pursuant to the bailment agreements, Defendants acted as bailees when they transported, parked and/or stored the Subject Vehicles at the Subject Parking Garage.

34. Pursuant to the bailment agreements, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees had a duty to exercise reasonable care in the handling, transporting, parking and/or storage of the Subject Vehicles.

35. Pursuant to the bailment agreements, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees had a duty to exercise reasonable care in safely handling, transporting, parking and/or storage of the Subject Vehicles in the same condition as when it was entrusted to Defendants.

36. Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees failed to exercise reasonable care in the handling, transporting,

7

parking and/or storage of the Subject Vehicles, whose failure directly and proximately caused the Subject Vehicles to sustain the damage described above.

37. As a direct and proximate result of Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees failure to exercise reasonable care in the handling, transporting, parking and/or storage of the Subject Vehicles, Defendants breached their bailment agreements with Plaintiffs' insureds.

38. As a direct result of the aforementioned breach of bailment, Plaintiffs' insureds sustained severe and extensive damage to their automobiles and personal property, for which the fair and reasonable value of repair, replacement and reimbursement exceeds One Million, Five Hundred Thousand Dollars ($1,500.000.00).

39. Pursuant to the terms and conditions of the respective insurance policy, State Farm reimbursed their insureds in an amount in excess of One Million, Five Hundred Thousand Dollars ($1,500.000.00).

40. By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policies, State Farm became subrogated to the extent of their payments to their insured's respective right to recovery and is entitled to recover the same amount from the named Defendants in this action.

**WHEREFORE**, Plaintiffs demands judgment in its favor and against Defendants 57 Ann Street Realty Associates, Inc., Enterprise Ann Parking, LLC and Little Man Parking, LLC, in an amount in excess of One Million, Five Hundred Thousand Dollars ($1,500.000.00), together with pre-judgment and post-judgment interest, attorney's fees, the cost of this suit and such other relief as this Court deems just and proper.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANTS

## BREACH OF CONTRACT

41. Plaintiffs incorporate by reference the allegations of the preceding paragraphs, as fully as though set forth herein.

42. The Agreements between State Farm's Insureds and Defendants and their agents constituted contracts by which Defendants expressly and/or impliedly agreed to exercise reasonable care in the handling, transporting, parking and/or storage of the Subject Vehicles at the Subject Parking Garage.

43. Pursuant to the contracts, Defendants handled, transported, parked and/or stored the Subject Vehicles.

44. Pursuant to the contract, Defendants parked or stored the Subject Vehicles at the Subject Parking Garage.

45. State Farm's Insureds paid all of the fees billed by Defendants related to the handling, transporting, parking and/or storage of the Subject Vehicles at the Subject Parking Garage.

46. For the reasons set forth in Plaintiffs' First and Second Causes of Action, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees breached their contractual obligation to exercise reasonable care in the handling, transporting, parking and/or storage of the Subject Vehicles at the Subject Parking Garage.

47. For the reasons set forth in Plaintiffs' First and Second Causes of Action, Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees breached their contractual obligation to exercise reasonable care in safely keeping,

handling, transporting, parking and/or storage of the Subject Vehicles at the Subject Parking Garage and returning them in the same condition as when they were entrusted to Defendants.

48.  As a direct result of the aforementioned breach of contract by Defendants and/or their representatives, agents, servants, contractors, subcontractors and/or employees, the Subject Vehicles and personal property sustained the damages described in the preceding paragraphs.

49.  As a direct result of the aforementioned breach of contract, Plaintiffs' insureds sustained severe and extensive damage to their automobiles and personal property, for which the fair and reasonable value of repair, replacement and reimbursement exceeds One Million, Five Hundred Thousand Dollars ($1,500.000.00).

50.  Pursuant to the terms and conditions of the respective insurance policy, State Farm reimbursed their insureds in an amount in excess of One Million, Five Hundred Thousand Dollars ($1,500.000.00).

51.  By virtue of the aforesaid payments, and pursuant to the terms of the respective insurance policies, State Farm became subrogated to the extent of their payments to their insured's respective right to recovery and is entitled to recover the same amount from the named Defendants in this action.

**WHEREFORE**, Plaintiffs demands judgment in its favor and against Defendants 57 Ann Street Realty Associates, Inc., Enterprise Ann Parking, LLC and Little Man Parking, LLC, in an amount in excess of One Million, Five Hundred Thousand Dollars ($1,500.000.00), together with pre-judgment and post-judgment interest, attorney's fees, the cost of this suit and such other relief as this Court deems just and proper.

Dated: New York, New York
       July 24, 2023

COZEN O'CONNOR

Attorneys for Plaintiff

_____
Robert W. Phelan, Esq.
3 WTC, 175 Greenwich Street
55th Floor
New York, New York 10007
(212) 908-1274
rphelan@cozen.com